AUSA: Dave Gardey                    Telephone: 313-226-9591

Special Agent    : Michael Taylor, DEA        Telephone: 248-431-1152

AO 91 (Rev. 08/09) Criminal Complaint



# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America,

                    Plaintiff,

v.

Wanda Jean Brown

                    Defendant(s).

Case: **2:15–mj–30284**
Assigned To : **Unassigned**
Assign. Date : **6/16/2015**
Description: **RE: WANDA JEAN BROWN (EOB)**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of June 15, 2015                    , in the county of Wayne                    in the Eastern                    District of Michigan                    , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21: U.S.C. §§ 841 (a)(1) & 952 | Conspiracy to Possess and Intent to Distribute Heroin
Importation of Heroin |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☐  Continued on the attached sheet.

                    _____
                    Complainant's signature

                    S/A Michael Taylor, DEA
                    Printed name and title

Sworn to before me and signed in my presence.

                    _____
                    Judge's signature

Date: June 16, 2015

City and state: Detroit, Michigan                    David R. Grand, U.S. Magistrate Judge
                    Printed name and title

FILED
JUN 16 2015
CLERK'S OFFICE
U.S. DISTRICT COURT

## **AFFIDAVIT**

Your affiant, Michael Taylor, being duly sworn, hereby deposes and states the following:

1. The affiant is currently a police officer with the Waterford Township Police Department having served for over 24 years and had been previously employed with the Washtenaw County Sheriff Department for 1 year. The affiant is currently assigned to the United States Department of Justice, Drug Enforcement Administration (DEA), Detroit Transportation Interdiction Unit (DTIU) as a Task Force Officer (TFO). Over the past 4 ½ years, your affiant has had training by the DEA relative to individuals who utilize parcel companies to transport and distribute controlled substances; this training included observing the characteristics of packaging used in the transportation of controlled substances. Your Affiant has received training from the DEA in drug recognition and testing, financial investigations, and methamphetamine production. Your Affiant's current duties are to conduct complex investigations involving criminal organizations with highly complex operations that are committing the crimes of illegal drug trafficking, money laundering, racketeering, and participating in criminal syndicates. Since this assignment, Your Affiant has participated in numerous narcotics' related investigations, conducted surveillances, performed interviews of suspects, executed search warrants, and apprehended involved suspects. Throughout Your Affiant's years of service, Your Affiant has arrested, contacted, interviewed or otherwise spoken to hundreds of criminals, to include members of major criminal organizations, as well as drug addicts, users and dealers. Your affiant has obtained information from these subjects who expanded and refreshed his knowledge base on methods of drug use, street slang, quantities, prices, methods of concealment, manufacture, growing and selling of illicit drugs found throughout the United States. The information set forth within is based upon your affiant's personal knowledge as well as reports and statements of other enforcement officers.

2. Your affiant is submitting this affidavit in support of a criminal complaint charging Wanda Jean BROWN; DOB: 05-27-1955, with

1

the following criminal violations: Possession with Intent to Distribute Heroin and Importation of Heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 952. In support of this affidavit, your affiant states the following:

3. On June 11, 2015, your affiant and a DEA agent received information from a DEA agent who is assigned to the Dubai County Office regarding a suspicious parcel destined for Livonia, Michigan. The parcel originated in Bujumbura, Burundi in Africa and was destined for Beth Strong, 29110 Dardanella Street, Apartment #2, Livonia, Michigan. According to the parcel information, the parcel weighs approximately 2.9 kilograms and was expected to arrive on June 12, 2015.

4. On June 14, 2015, the parcel arrived in the United States at the Federal Express sorting facility in Memphis, Tennessee. Homeland Security Investigations (HSI) Agents were notified of the suspicious nature of this parcel and conducted an inspection as it arrived in the United States. HSI Agents found this parcel to contain approximately 133 grams of heroin. This parcel was subsequently forwarded to an HSI agent in Detroit, Michigan. This parcel currently remains in transit.

5. Your Affiant, using law enforcement databases, discovered that Beth Strong was likely a fictitious name; however, the delivery address of 29110 Dardanella Street, Apartment #2, Livonia, Michigan does in fact exist. Through surveillance and continued research, it was determined that Johnny MYRICK currently resides at this address. Michigan Secretary of State records show that Johnny MYRICK's driver's license is also registered to this address.

6. On June 14, 2015, an HSI agent identified a second parcel in transit which is identical in origination and destination as the aforementioned parcel. This parcel also originated in Bujumbura, Burundi in Africa and was destined for Jessica Silverdan, 29110 Dardanella Street, Apartment #2, Livonia, Michigan. This parcel was located at the United Parcel Service (UPS) sorting facility at 29855 Schoolcraft, Livonia, Michigan.

2

7. On June 15, 2015, at approximately 8:00 am, the HIS agent arrived at the UPS facility in Livonia, Michigan and seized the second parcel for inspection. This parcel was transferred to the DEA office in Romulus, Michigan. The HIS agent then opened this parcel and inspected its contents. Upon opening this parcel, it was discovered there were five packages of hair weaves. The hair weaves were affixed to cardboard backers as an apparent part of the packing process. Affixed inside the layers of cardboard were packages of off white color powder inside a plastic wrapper. This powder was field tested by agents. The powder tested positive for heroin, and the heroin weighed 183 gross grams.

8. On June 15, 2015, at approximately 10:30 am, DEA agents began preparation for a controlled delivery of this second parcel and the 183 grams of heroin. Your affiant prepared an anticipatory search warrant for the address 29110 Dardanella Street, Apartment #2, Livonia, Michigan, which was signed by the Honorable Tina Brooks-Green at the 34th District Court in Romulus, Michigan. The suspect parcel was wired with an electronic "beeper" used to detect the parcel being opened. Upon opening, the parcel would emit a loud tone through a transmitter, notifying agents the parcel had been opened.

9. On June 15, 2015 at approximately 01:30 pm, your Affiant, dressed as a UPS delivery person and driving a box van with UPS placards approached the target address. Your Affiant approached the target address on foot with the parcel and pushed the exterior door buzzer for apartment 2. Your Affiant had a view of the interior of the building and specifically the interior door to apartment 2. A person who was later identified as Johnny MYRICK stepped into the hall from apartment 2, viewed your Affiant through the glass and pushed the door buzzer allowing the door to be opened. Your Affiant entered the hallway and presented the parcel to MYRICK, he was advised the parcel was to be delivered to apartment 2 to "Jessica". MYRICK stated the parcel wasn't his and asked his juvenile son to get Wanda (later identified as Wanda BROWN). BROWN then emerged from the second floor of the building and advised the parcel was hers. Your affiant then asked BROWN (still unknown to Affiant) to sign for the parcel containing the heroin, which she did. BROWN signed

3

"Jessica Silverdan;" although the name "Silverdan" had not been provided to her and was not visible to her from the parcel. BROWN took possession of the parcel containing the heroin, and BROWN then entered apartment 2 with MYRICK.

10. Your affiant then left the apartment building at the conclusion of the delivery. Another DEA agent remained behind dressed in plain dress clothes in a position of concealment in the hallway. As it appeared to the agent that BROWN was going to move the parcel to her apartment (#7) upstairs, he approached her and identified himself as a police officer. BROWN immediately dropped the parcel containing the heroin inside the doorway of MYRICK's apartment, and she fled to her apartment on the second floor. At this time, additional agents knocked on BROWN'S door, and after several minutes, BROWN opened the door and allowed agents to enter her apartment (#7) where she was subsequently placed under arrest. BROWN was found to be a resident of apartment 7 on the second floor.

11. On June 15, 2015, at approximately 05:05 pm, Wanda BROWN was interviewed at the DEA office in Romulus by DEA agents. BROWN provided agents a post-Miranda statement regarding parcels she had received. She advised she had received one previous parcel which was shipped directly to apartment 7 approximately 2-3 months ago.

4

12. Based on the aforementioned, your affiant believes that probable cause exists to believes that Wanda Jean BROWN has committed violations of Title 21, United States Code, Sections 841(a)(1) and 952, Possession with Intent to Distribute Heroin and Importation of Heroin.

TFO Michael Taylor
Drug Enforcement Administration

Sworn to and subscribed before me
on this 16th day of June, 2015.

Honorable David R. Grand
United States Magistrate Judge

5